BOARD OF EDUCATION OF MONROE COUNTY *et al. v.* THURMOND *et al.*

The bill of exceptions and record in the present case having been filed in the office of the clerk of the Supreme Court after the date when the docket of the term had been closed by order of the court, the case must be placed on the docket of the next term. At that term, owing to the nature of the case, it will be heard and disposed of as early as practicable.

No. 4994.    JULY 15, 1925.

Motion to advance hearing.

At the hearing, on June 5, 1925, of an application for mandamus filed by Thomas D. Thurmond and others against W. A. Rosser and others as members of the board of education, and H. W. Searcy as tax-collector of Monroe County, and the Citizens Bank of Forsyth, the judge entered a judgment making the mandamus absolute. The defendants excepted, and a writ of error was signed by the presiding judge on June 23, 1925. Service was duly acknowledged by the defendants in error on June 29, 1925, and the bill of exceptions was filed in the office of the clerk of the superior court on June 30, 1925. The bill of exceptions and the transcript of the record were forwarded to the clerk of the Supreme Court, and filed on July 10, 1925, which was during the March term, 1925, of the Supreme Court. The docket for the March term had been closed by an order dated June 25, 1925, as follows: "It is ordered that the docket of the Supreme Court for the March term, 1925, be closed on Tuesday, June 30, 1925." On July 13, 1925, the attorneys for the defendant in error filed with the Supreme Court a request that the hearing be set for as early a date as possible, and that the same be disposed of as early as practicable, in order that the public schools of Monroe County

may know what funds are available for operating the schools. It was alleged in the petition, that "until this case is decided all of the funds available for school purposes in Monroe County are tied up, so that it will be impossible to operate the . . schools until this case is disposed of."

*Willingham & Willingham, A. M. Zellner, Reagan & Reagan,* and *Hall, Grice & Bloch,* for plaintiffs in error.

*Cleveland & Goodrich,* contra.

ATKINSON, J. In *Temple Baptist Church* v. *Georgia Terminal Co.,* 128 *Ga.* 669 (5) (58 S. E. 157), it was held: "The bill of exceptions and record in the present case having been filed in the office of the clerk of the Supreme Court after the date when the docket of the term had been closed by order of the court, the case must be placed on the docket of the next term." After rendition of the foregoing decision an act approved August 19, 1916, proposing an amendment to the constitution, provided: "All writs of error in the Supreme Court or the Court of Appeals, when received by its clerk during a term of the court and before the docket of the term is by order of the court closed, shall be entered thereon; when received at any other time, shall be entered on the docket of the next term; and they shall stand for hearing at the term for which they are so entered, under such rules as the court may prescribe, until otherwise provided by law." Acts 1916, p. 19. The act containing this provision was duly ratified in the manner provided in the constitution for its amendment, and is now a part of the constitution. Giving effect to the former decision of this court and the constitution, it would be out of the power of the court to advance the case under consideration for a hearing at the March term. As the record was not received by the clerk of the Supreme Court before the close of the docket for the March term, the case, in the language of the constitution, "shall be entered on the docket of the next term; and shall stand for hearing at the term for which [it is] so entered." While the case can not be advanced for a hearing at the March term, the request of the attorneys for the defendant in error, for as speedy hearing and determination as may be practicable, will be entertained and complied with during the October term.    *All the Justices concur.*